Ruffin, C. J.
 

 The right of the plaintiff is supposed in the argument to arise under the Act of 1840, Ch. 37, of which the title is
 
 “
 
 an act to protect the interests of landlords,” and by which it is enacted, that “ when any lessee of land shall agree to pay a certain share of his crops or a specific quantity of grain for the rent of land, he shall cultivate under his lease, so much of the crop of the lessee raised on his farm under lease, as will be sufficient to satisfy the rent to his landlord for the year, shall be exempt from execution, and from the lien of all other debts, until the end of each respective year.” It is said, that as the purpose of the act is so plainly declared to be the protection of. the interests of landlords, it must receive such a construction as will at all events effect that purpose: and that, as it is necessary to that end, that the landlord should have the property in the crops, to the extent of the whole of them, for his satisfaction in the first instance, leaving the surplus to the tenant, the Court will so interpret the statute. But such a rule of construction is altbgether inadmissible : for, although it be true, that the legislature intended by the act to secure rents to landlords, yet, upon the mere, declaration of such intent in the title, the Court is- not at liberty to apply any and all means, that may be necessary or useful to such security, but is restricted to such means as the statute may provide, and to the extent therein prescribed, advancing the remedy, however, as far as a liberal interpretation of the language will allow. Now, in the present instance, it is
 
 *75
 
 Impossible to invest the landlord with the whole property in the crops, since that would be in direct opposition to the express words of the act: which, are that “so much” (only) “of the crop, as will be sufficient to satisfy the rent for the year, shall be exempt from execution.” The whole crop, therefore, cannot belong to the landlord : and it must be admitted, we think, that unless he has the whole, he has not the property in any part — since there is nothing in the act to make him the owner of one part more than another, but he is only the creditor of the lessee for so much rent. In order to secure the payment of the rent, the crop is
 
 pro tanto
 
 exempted from execution against the tenant. Still, the property remains in the lessee. and it would seem that, by reason thereof, the lessee might have an action against the sheriff for seizing that part of the crop. Perhaps, also, the landlord may have an action grounded on the statute against the officer or creditor for doing execution on the tenant’s crops on the land, without leaving sufficient to pay the rent reserved in kind. Something like that was, probably, thought of by the writer of the act: and it is possible the words might be stretched that far and the remedy given as under an act in England in
 
 pari materia;
 
 namely, St.
 
 8
 
 Ann. C. 14, for the better security of rents and to prevent frauds by tenants. That statute has, however, several material provisions, which are not in ours, and which show that the security of the rent was alone in the purview of the act, and that it was meant, the landlord and no other should have the action for taking the goods in execution. The one is, that, before the removal of the goods by the officer, the creditor shall pay the landlord the rent due on the premises at the time, not exceeding that for one year: and the other is, that if the tenant fraudently remove his goods from the premises, the landlord may, nevertheless, distrain them elsewhere within a fixed period. Upon that act a special action on the case
 
 *76
 
 has been framed for the landlord against the sheriff for taking the goods without paying the year's rent, upon notice that it was due and in arrear. Possibly an action may likewise arise to the landlord upon the act of 1840 for doing execution without leaving his share of the crop. But, if so, it must be a like special action on the case on the statute, upon the general principle laid down by Lord Coke, 10 Rep. 75, that, when a statute prohibits anything, the party grieved shall have an action upon the statute, although it be not- given by the words of the statute.— The difficulty is in holding, under the imperfect provisions of the act of 1840, that the landlord is a person grieved, since it does not charge the officer or the creditor with any duty to him, nor vest in him a property in any part of the crop or lien on it, but leaves the whole at the absolute disposition of the tenant. Whether, however, such an action will lie on this act in any case, or, if so, whether it would lie when the rent is not to be paid exclusively in the specific crops, but in them, or in money, are questions upon which farther consideration would be bestowed, if the decision of the case turned on them. But it does not: for this is an action of trespass, and is founded on possession in the plaintiff, and here he had neither the property nor the possession, but both were in the lessee at the time of the taking; and therefore the action will not lie.
 

 Per Curiam. Judgment affirmed.